UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| C-INNOVATION, LLC,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | No. 10-4441 |
| NORDDEUTSCHE<br>SEEKABELEWERKE GMBH,<br>    Defendant | SECTION "E" |

## ORDER AND REASONS

Before the Court is defendant Norddeutsche Seekabelewerke GmbH's ("NSW") "Motion for Pre-Trial Evidentiary Hearing Regarding Personal Jurisdiction."[1]  For the reasons set forth below, the motion is denied.

## BACKGROUND

On November 3, 2011, while this case was pending in Section "J" of this Court, Judge Barbier denied NSW's motion to dismiss C-Innovation, LLC's ("C-Innovation") claims against it on the grounds that NSW is not subject to personal jurisdiction in Louisiana and/or in the Eastern District of Louisiana.[2]  Judge Barbier held that NSW is subject to specific personal jurisdiction in this state and district.[3]  NSW now argues that the issue of personal jurisdiction should be revisited, because information discovered after the motion to dismiss was decided indicates that Judge Barbier's ruling was wrong.  C-Innovation argues that Judge Barbier already resolved the issue of the Court's jurisdiction over NSW

---

[1] R. Doc. 125.

[2] R. Doc. 42.

[3] *Id*.  Judge Barbier did not reach the question of whether NSW is also subject to general personal jurisdiction in this state or district.

1

in this case, and that, even though Judge Barbier did so under the relatively lenient motion to dismiss standard, the facts cited in his order were undisputed, and thus a pre-trial evidentiary hearing is unnecessary.[4]  C-Innovation also contends its burden to prove jurisdictional facts will be satisfied as a matter of course during trial.

## ANALYSIS

### I. Personal Jurisdiction; Burden of Proof

As the party seeking to invoke the jurisdiction of the federal court, the plaintiff has the burden of establishing that jurisdiction exists.  *See, e.g. Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)).  At the motion to dismiss stage, "[t]he plaintiff need not . . . establish jurisdiction by a preponderance of the evidence; a prima facie showing suffices." *Id*.  The Court must "resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction." *Id*.  Judge Barbier did not hold an evidentiary hearing on the issue of jurisdiction, and thus decided the issue under this standard.[5]

A finding that the plaintiff has established a prima facie case does not end the inquiry for the district court, however.  Nor does it relieve the plaintiff of its ultimate burden of proving those facts that establish personal jurisdiction over a non-resident defendant by a preponderance of the evidence.  *See Traveler's Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d

---

[4] *See* R. Doc. 141.

[5] If an evidentiary hearing is held, the burden is on the plaintiff to establish jurisdictional facts by a preponderance of the evidence.  *See Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) ("Ultimately, the plaintiff must show by a preponderance of the evidence that jurisdiction is proper."); *see also Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 n. 3 (9th Cir. 1993) ("If the trial court holds an evidentiary hearing or the case proceeds to trial, [ ] the burden on the plaintiff shifts to the preponderance of the evidence").  However, because Judge Barbier considered the motion to dismiss on the briefs and with the aid of limited written discovery, the more lenient prima facie case standard applied.  *Id*.

826, 831 (5th Cir. 1986) (citing *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n. 2 (9th Cir. 1977)). Indeed, "[w]hatever degree of proof is required initially, a plaintiff must have proved by the end of trial the jurisdictional facts by a preponderance of the evidence." *Id.* (quoting *Forsythe v. Overmyer*, 576 F.2d 779, 781 (9th Cir.), *cert. denied*, 439 U.S. 864 (1978)).

## II. Pre-Trial Evidentiary Hearing

In *Walk Haydel*, the Fifth Circuit explained when the issue of whether the plaintiff has met its burden is more appropriately determined at a pre-trial evidentiary hearing, as requested by NSW, and when it is better left for trial, as suggested by C-Innovation:

> Often, the determination of whether this [preponderance of the evidence] standard is met is resolved at trial along with the merits. This is especially likely when the jurisdictional issue is intertwined with the merits and therefore can be determined based on jury fact findings.  In this situation, it is often preferable that [the jurisdictional] determination be made at trial, where a plaintiff may present his case in a coherent, orderly fashion and without the risk of prejudicing his case on the merits.  But this court has said that after a pretrial evidentiary hearing confined to the jurisdictional issue, where both sides have the opportunity to present their cases fully, the district court can decide whether the plaintiff has established jurisdiction by a preponderance of the evidence.

517 F.3d at 241-42 (internal citations and quotation marks omitted).

"A pretrial evidentiary hearing is intended to serve as a substitute for the resolution of factual and legal disputes relevant to jurisdiction at trial." *Id*. at 242.  As a result, if the district court chooses to hold this hearing prior to trial, "both parties must be allowed to submit affidavits and to employ all forms of discovery, subject to the district court's discretion and as long as the discovery pertains to the personal-jurisdiction issue. Furthermore, if requested by the parties, the district court often should convene a hearing

at which it entertains live testimony." *Id*. The pre-trial evidentiary hearing is essentially a mini-bench trial, with the Court resolving any factual disputes relating to jurisdiction. If the Court chooses not to hold the pre-trial evidentiary hearing, the plaintiff still bears the burden of establishing jurisdictional facts by a preponderance of the evidence, but the underlying facts relating to whether the plaintiff has carried that burden are left for the trier of fact to determine. *See Brown v. Slenker*, 220 F.3d 411, 419 (5th Cir. 2000).

### III. A Pre-Trial Evidentiary Hearing on the Issue of Personal Jurisdiction is Not Appropriate in this Case

"[W]hen the jurisdictional issue is intertwined with the merits and therefore can be determined based on jury fact findings," a pre-trial evidentiary hearing is not appropriate. *Walk Haydel*, 517 F.3d at 241. The determination of whether NSW is, in fact, subject to personal jurisdiction, and the resolution of the merits of C-Innovation's case, both relate to NSW's contacts with this state and district and NSW's involvement in the sale of allegedly defective cables to C-Innovation. The two issues of jurisdiction and the merits of the case are intertwined, and, therefore, should be determined based on factual findings by the jury.

### CONCLUSION

Accordingly, **IT IS ORDERED** that NSW's motion for pre-trial evidentiary hearing be and hereby is **DENIED.**

New Orleans, Louisiana, this __28th__ day of December, 2012.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**